IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| TASHIA TAYLOR, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 10-cv-243 TCK FHM |
|  | ) |  |
| RIVERSIDE BEHAVIORAL HEALTH, | ) |  |
| MIKE KISTLER, and | ) |  |
| MARGARET KOCH, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

**I. Introduction**

Plaintiff has sued Defendant Riverside Behavioral Health Systems, Mike Kistler, and Margaret Koch (collectively, "Defendants") pursuant to 42 U.S.C. § 2000e-5 for race discrimination, sex discrimination, and retaliation. Her Complaint is devoid of sufficient facts that would allow the Court to draw any reasonable inference that Defendants are liable for the misconduct alleged and thus fails the pleading standards of Fed. R. Civ. P. 8(a) as recently articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009). Plaintiff's claims must also be dismissed under Fed. R. Civ. P. 12(b)(6) because Title VII does not subject Defendants Kistler and Koch to liability in their individual capacities. Dismissal against all Defendants is required as a matter of law.

{876799;}3705735.21

## II. Standard of Review

A motion to dismiss is "properly granted when a complaint provides no 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" Kinkead v. Durburow, No. 08-CV-562-JHP-FHM, 2010 WL 1411004, at *2 (N.D. Okla. March 31, 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To avoid dismissal, the complaint "must present factual allegations, assumed to be true, that 'raise a right to relief above the speculative level.'" Id. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule, however, "'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'" U.S. ex rel. Lacy v. New Horizons, Inc., 348 Fed. Appx. 421, 424 (10th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)). A complaint does not "comply with the pleadings requirements if it merely tenders naked assertion[s] devoid of further factual enhancement." Kinkead, 2010 WL 1411004, at *2 (internal quotations omitted).

Only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. While the Court must generally accept a plaintiff's factual allegations as true, to survive dismissal the complaint must contain "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Such facts require the Court to be able to draw a reasonable inference that the defendant is liable for the alleged misconduct, which "demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. Plaintiff's Complaint fails on each of these counts.

### III. Brief Summary of the Allegations

The Complaint totals five paragraphs. Paragraphs one through three and paragraph five are purely procedural. Paragraph four contains conclusory and unadorned allegations of discrimination and retaliation that fail to state a viable claim. Specifically, Plaintiff claims that on or about January 1, 2008 through August 4, 2009, Defendants "1) discrimination in employment practices[;] 2) racism in the workplace[; and] 3) discharge from employment" because of "race, sex and retaliation." Complaint at ¶ 4.

Plaintiff does not attempt to detail the circumstances under which Defendants allegedly discriminated against her. In fact, paragraph four contains her only allegations, all of which are conclusory. Plaintiff vaguely states that there was "discrimination in employment practices" and "racism in the workplace" and that she was discharged. Nevertheless, she failed to connect any of these statements to demonstrate – or even to allude to the idea – that her discharge resulted from unlawful motives. The final unnumbered paragraph of the Complaint contains her request for "monetary damages in the amount of $100,000.00."

Simply put, Plaintiff's initial pleading does not set forth sufficient facts to meet the threshold pleading requirement of Fed. R. Civ. P. 8(a). Accordingly, and pursuant to the United States Supreme Court's recent pronouncement in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), Plaintiff's lawsuit must be dismissed. Her lawsuit

must also be dismissed against Defendants Kistler and Koch because Title VII does not provide for individual employee liability.

## IV. Legal Analysis

### A. *Plaintiff's Complaint Does Not Meet the Threshold Pleading Requirements*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is "to test the sufficiency of the complaint, not to decide the merits of the complaint." Kinkead, 2010 WL 1411004, at *2. Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to set forth sufficient facts to show that she is entitled to relief. Fed. R. Civ. P. 8(a). A plaintiff's factual allegations need not be detailed but " [t]he pleading must contain something more . . . than . . . a statement of fact that merely creates a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Just last year, the United States Supreme Court reaffirmed the threshold pleading standard applicable to all civil cases:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Hall v. Witteman, 584 F.3d 859, 863-64 (10th Cir. 2009). Plaintiff's allegations do not meet this pleading standard.

The only "fact" Plaintiff has pled is "discharge from employment . . . because of race, sex and retaliation." Compl. at ¶ 4. This alone is not enough as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Witteman, 584 F.3d at 863-64 (quoting Iqbal, 129 S. Ct. at 1949) (internal quotations omitted). Even though Plaintiff is pro se, "the generous construction to be given the pro se litigant's allegations 'does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.'" Kinkead, 2010 WL 1411004, at *2 (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Id. (quoting Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). Further, the district court need not "assume the role of advocate for the *pro se* litigant nor relieve the *pro se* plaintiff of [her] basic obligation to provide sufficient facts on which to base a claim" Bellmon, 935 F.2d at 1110.

In Iqbal, the Supreme Court explained that analysis of the Complaint under Rule 12(b)(6) requires a two-pronged approach. Witteman, 584 F.3d at 863. First, the reviewing court should determine what allegations within the complaint can be classified as "conclusory allegations" and disregard them for purposes of deciding the motion. Id.; Iqbal, 129 S. Ct. at 1949. Second, the court should evaluate the

remaining portions of the complaint – the well-pleaded facts – and ascertain whether they give rise to a "plausibl[e] suggest[ions] of an entitlement to relief." Id.; Iqbal, 129 S. Ct. at 1950. This "plausibility standard" asks for "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949.

Here, the Court's analysis need simply end at the first prong as Plaintiff makes only conclusory allegations. She pleads no facts to suggest that she was discriminated against on the basis of her race or sex in violation of Title VII. Instead, she makes only bare allegations of "discrimination" and "racism" and merely states that she was "discharge[d] from employment." She fails completely to make the required threshold showing that her discharge was based on an illegal reason and that the reason for her termination was pretextual. See Merswin v. The Williams Co., No. 09-5096, 2010 WL 373672, at *3 (10th Cir. Feb. 3, 2010) (upholding a district court's dismissal of a pro se complaint for failure to state a claim under federal civil rights laws); Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (noting that despite liberal construction of pro se complaints, "[the Tenth Circuit has] on several occasions dismissed *pro se* complaints for failure to allege sufficient facts"). Plaintiff alleges no facts surrounding her termination nor does she allege facts which rise to the level of a plausible suggestion that her termination was in any way related to her race or sex.

Likewise, Plaintiff's claim of retaliation is also insufficient under Iqbal. She has failed to plead that she engaged in a statutorily protected activity prior to her discharge, that an adverse employment action followed or that the adverse action

was causally related to the protected activity. Even before Iqbal, the federal rules required a plaintiff to do more than just plead "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. Plaintiff's retaliation claim fails this test, and it, too, is subject to dismissal as a matter of law.

> B. *Title VII Does Not Provide for Individual Liability Against Defendants Kistler and Koch*

Under Title VII, suits against individuals must proceed "in their official capacity; individual capacity suits are inappropriate." Haynes v. Williams, 88 F.3d 898, 899 (10th Cir. 1996). The relief granted under Title VII is "against the *employer*, not individual employees whose actions would constitute a violation of the Act. . . . [T]he proper method for a plaintiff to recover under Title VII is by suing the employer." Id. (Emphasis in original.) An individual qualifies as an "employer" under Title VII:

> *solely* for purposes of imputing liability as to the true employer if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing, or conditions of employment. In such a situation, the individual operates as the alter ego of the employer, and the employer is liable for the unlawful employment practices of the individual without regard to whether the employer knew of the individual's conduct.

Id. (Emphasis added.) The language and structure of Title VII "reflect[s] the legislative judgment that statutory liability is appropriately borne by employers, not individual supervisors." Id. at 900.

The Tenth Circuit has repeatedly held to the "established . . . rule that personal capacity suits against individual supervisors are inappropriate under Title VII." Id. It is not alone in its holding; numerous other Courts of Appeal have held that Title VII does not provide for individual liability. See Fantini v. Salem State Coll., 557 F.3d 22, 30 (1st Cir. 2009); Ackel v. Nat'l Commc'ns, Inc., 339 F.3d 376, 382 n.1 (5th Cir. 2003); Wathen v. Gen. Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997); Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077 (3d Cir. 1996); Greenlaw v. Garrett, 59 F.3d 994, 1001 (9th Cir. 1995); Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995); Williams v. Banning, 72 F.3d 552, 553 (7th Cir. 1995).

In the instant case, Plaintiff has filed her Complaint against Michael Kistler and Margaret Koch in their individual capacities. Defendant Koch is a Therapist and did not hold a supervisory position over Plaintiff; she was Plaintiff's coworker, and she had no control over Plaintiff's hiring, firing, or conditions of employment. Defendant Kistler is the Chief Executive Officer of Defendant Riverside, but his title alone does not grant Plaintiff a cause of action against him under Title VII. The statute itself is clear that only "employers" are liable, and the Tenth Circuit has ruled that personal capacity suits against individuals are inappropriate under Title VII. In addition to dismissal for insufficiency of the pleading requirements of Rule 8(a), the Complaint against Defendants Kistlers and Koch must be dismissed as a matter of law because Plaintiff cannot maintain a cause of action against them as individuals.

## V. Conclusion

The Complaint does not state a claim upon which relief can be granted. Since "no construction of [Plaintiff's Complaint] will support [a] cause of action," this action should be dismissed. See Iqbal, 129 S. Ct. at 1949. Further, the Complaint must be dismissed as to Defendants Kistler and Koch because Title VII, the sole statute under which Plaintiff' filed her claim, does not provide for individual liability.

/s/ *Tyson D. Schwerdtfeger*
Tyson D. Schwerdtfeger, OBA No. 19566
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma  74103-4217
(918) 595-4800
tschwerdtfeger@gablelaw.com

-and-

Mark W. Peters, Tenn. Bar No. 18422
William T. Fiala, Tenn. Bar No. 22788
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219
(615) 244-6380 (Telephone)
mark.peters@wallerlaw.com
bill.fiala@wallerlaw.com

*Attorneys for Riverside Behavioral Health, Mike Kistler, and Margaret Koch*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served via U.S. Mail, postage prepaid, to:

Tashia Taylor
10804 E. 15th Street
Tulsa, OK  74128

on this 18th day of May, 2010.

                                                /s/ *Tyson D. Schwerdtfeger*