**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TASHIA TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-cv-243 TCK FHM |
| ) | |
| RIVERSIDE BEHAVIORAL HEALTH, ) | Judge Terence Kern |
| MIKE KISTLER, and ) | |
| MARGARET KOCH, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

### I. Introduction

On December 15, 2010, Defendants filed their Motion for Summary Judgment. (Docket No. 38). Plaintiff failed to file her response timely and the Court allowed her fourteen additional days to respond. (Docket No. 42). On January 31, 2011, Plaintiff did so by filing a two page document titled "Plaintiff's Motion for Summary Judgment and Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment." (Docket Nos. 47 and 48). Respectfully, Plaintiff's offensive motion is untimely, fails to comply with Fed. R. Civ. P. 56 and must be denied as a matter of law.

### II. Legal Analysis

**A. Plaintiff's Motion For Summary Judgment Must Be Denied.**

*1. Plaintiff's Motion For Summary Judgment Is Untimely.*

The deadline for the parties to file dispositive motions was December 15, 2010. (Docket No. 14). Plaintiff filed her Motion for Summary Judgment on January 31, 2011, thus missing the

dispositive motion deadline by more than forty-five days. (Docket No. 47). She has not provided any justification for failing to file her motion timely nor has she received permission from the Court to file her motion beyond the dispositive motion deadline. Plaintiff's motion should be denied because it is untimely.

  2. *Plaintiff's Motion Does Not Provide A Basis For Summary Judgment In Her Favor.*

Plaintiff's Motion for Summary Judgment should be denied because it fails to provide any factual or legal arguments supporting summary judgment other than conclusory statements that no material facts exist and that Plaintiff is entitled to judgment as a matter of law. (Docket No. 47). Plaintiff's unsworn, conclusory statements – which include citation to not a single piece of record evidence or a single case – are insufficient to support a motion for summary judgment. Nahno-Lopez v. Houser, 625 F.3d 1279, 1284-85 (10th Cir. 2010) ("Conclusory legal statements cannot preclude summary judgment."); Skrzypczak v. Roman Catholic Diocese Of Tulsa, 611 F.3d 1238, 1244 (10th Cir. 2010) ("conclusory and self-serving affidavits are not sufficient"); see Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (providing that "pro se parties [must] follow the same rules of procedure that govern other litigants").

Plaintiff's motion should also be denied because it does not include a statement of material facts. Local Rule LCvR56.1 provides that a "brief in support of a motion for summary (or partial summary judgment) judgment shall begin with a section that contains a concise statement of material facts to which the moving party contends no genuine issue of fact exists." LCvR56.1. Plaintiff's motion fails to provide any factual or legal arguments in support of summary judgment and failed to comply with the Court's Local Rules. Wilson v. Oklahoma City Police Dept., 2006 WL 2970448, at *1 (W.D. Okla. October 13, 2006) (denying the plaintiff's motion for summary judgment because it was incoherent, failed to address the issues involved in

the litigation and failed to comply with Rule 56 of the Federal Rules of Civil Procedure and Local Rule LCvR56.1(c)).

## III. Conclusion

For the foregoing reasons and those detailed in Defendants' memorandum in support of their motion for summary judgment, Plaintiff's claims should be dismissed and judgment entered for Defendants as a matter of law.

/s/ *Tyson D. Schwerdtfeger*
Tyson D. Schwerdtfeger, OBA No. 19566
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
(918) 595-4800 (Telephone)
tschwerdtfeger@gablelaw.com

-and-

Mark W. Peters, Tenn. Bar No. 18422
William T. Fiala, Tenn. Bar No. 22788
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380 (Telephone)
mark.peters@wallerlaw.com
bill.fiala@wallerlaw.com

***Attorneys for Riverside Behavioral Health, Mike Kistler, and Margaret Koch***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via U.S. Mail, postage prepaid, to:

Tashia Taylor
10804 E. 15th Street
Tulsa, OK  74128

on February 15, 2011.

                                        /s/  *Tyson D. Schwerdtfeger*