TASHIA TAYLOR,                 )
                              )
          **Plaintiff,**          )
                              )
vs.                         )        No.  10-CV-243-TCK-FHM
                              )
**RIVERSIDE BEHAVIORAL HEALTH,**   )
**MIKE KISTLER, and MARGARET KOCH,**  )
                              )
          **Defendants.**        )

## OPINION AND ORDER

Before the Court are Mike Kistler ("Kistler") and Margaret Koch's ("Koch") Motion to

Dismiss the Amended Complaint ("Motion to Dismiss") (Doc. 33); Riverside Behavioral Health

("Riverside"), Kistler, and Koch's Motion for Summary Judgment (Doc. 38);[1] and Plaintiff's Motion

for Summary Judgment (Doc. 47).[2]

## I.      Factual Background[3]

---

[1] Because the Court grants Kistler and Koch's Motion to Dismiss, *see infra* Section III, the Court will hereinafter refer to the motion for summary judgment as "Riverside's Motion for Summary Judgment."

[2] Plaintiff is pro se.  The Court will therefore construe her pleadings liberally and hold her to a "less stringent standard" than is applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Pursuant to such liberal construction rules, the Court overlooks failure to cite to proper legal authority, confusion of various legal theories, poor syntax and sentence construction, and unfamiliarity with pleading requirements. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] Although Plaintiff filed a response to Riverside's Motion for Summary Judgment, Plaintiff did not "specifically controver[t]" any of Riverside's material facts.  LCvR56.1 ("All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party.").  "Although great deference is often given to pro se litigants, such litigants are nevertheless governed by the same procedural rule as other litigants[.]" *Graham v. Van Dycke*, 564 F. Supp. 2d 1305, 1307 (D. Kan. 2008).  Thus, the Court

Riverside operates an inpatient facility that provides behavioral health treatment to critically ill children and adolescents and is part of a network of facilities in Northern Oklahoma known as the Shadow Mountain Behavioral Health System ("SMBHS"). Defendant Kistler is Riverside's Chief Executive Officer, and Defendant Koch is employed by Riverside as a therapist. On July 11, 2007, Riverside hired Plaintiff as a Mental Health Technician ("MHT"). Between February 18, 2008 and March 5, 2009, Riverside received twenty-one (21) complaints of abuse and neglect against Plaintiff. The allegations included complaints that Plaintiff: (1) hit and kicked a patient; (2) choked a patient; (3) grabbed patients by the hair and slammed them to the ground; (4) refused to assist an ill patient; (5) confiscated a patient's personal items, including her Bible; and (6) slammed doors on patients' bodies. Overall, seven of the complaints were referred to the Oklahoma Department of Human Services Office of Client Advocacy ("OCA") and four were investigated by that agency.

In one such investigation, concluded on November 4, 2008, OCA found that Plaintiff abused a seventeen-year-old female patient. (*See* Ex. 1-22 to Mot. for Summ. J. ("November 4, 2008 OCA Report").) The investigation found that Plaintiff urged the patient to hit her head and fists on the wall, called the patient names, and failed to intervene to stop the patient from harming herself. The report also found that Plaintiff intentionally degraded and escalated the situation and that her actions caused and permitted harm to the health, safety, and welfare of the patient. Based on these findings, OCA concluded that Plaintiff's actions met the definition of abuse under O.A.C. § 340:3-2. After

---

deems Riverside's statement of facts admitted. *See* LCvR56.1; *Graham*, 564 F. Supp. 2d at 1307 (accepting defendants' statement of facts as true when pro se plaintiff failed to "specifically controver[t]" those facts, as required by the local rule governing summary judgment).

OCA's report, Kistler met with Plaintiff and informed her that additional incidents of misconduct would result in termination of her employment. Seven additional complaints of abuse and neglect were made against Plaintiff following the November 4, 2008 OCA Report.

On April 23, 2009, Duane Harris ("Harris"), Director of Human Resources for SMBHS, Dr. David Goodgame ("Dr. Goodgame"), Riverside's Clinical Director, and Jordan Cooke ("Cooke"), Riverside's Director of Human Resources, met with Plaintiff to discuss her interactions with patients ("April 23, 2009 meeting"). As a result of this meeting, Dr. Goodgame was to provide education and mentoring to Plaintiff, Plaintiff was placed on a ninety-day probationary period, and Plaintiff received a performance improvement plan.

On May 2, 2009, Riverside received reports that a patient had a knife in the facility and that Plaintiff knew about the knife but did not report it to Riverside administration. Riverside conducted a search and found a pen that met the description of the alleged knife. On May 4, 2009, Cooke and Dr. Goodgame asked Plaintiff to be interviewed as a witness regarding the incident. Plaintiff stated that she would not be interviewed unless she was permitted to record the interview or have a witness present. Cooke informed Plaintiff that neither option would be permitted because of patient confidentiality concerns. Plaintiff then refused to participate in the investigation and was suspended. On May 6, 2009, Plaintiff was terminated. Riverside claims Plaintiff's termination was due to continuing performance issues during her probationary period, including untherapeutic interactions with patients, failure to report an incident to administration regarding a safety concern, and insubordination during the subsequent investigation.

## II.     Plaintiff's Amended Complaint

Plaintiff's Amended Complaint makes three claims against Defendants pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII").  First, Plaintiff asserts a claim for "discrimination in employment practices," alleging that Koch did not treat her "equally as the men in the unit," talked "negatively about black people," and "instigated numerous frivolous patient complaints against [her]." (*Id.* 1-2.)  Plaintiff also provides information about two co-workers, April Burgin ("Burgin"), a white female, and Chris Fields ("Fields"), a black male.  Specifically, Plaintiff states that "[Burgin] was written up for admitting to purposefully spitting on a male patient," and that she observed Fields "violating numerous company policies," including not clocking in or out, leaving early, smelling like liquor and marijuana, smoking on the playground, and drinking on the job. (*Id.* 2.)  Plaintiff claims that Fields "was never fired for his numerous violations." (*Id.*)  Finally, Plaintiff claims that she was "accused of and investigated eight times of physically harming patients and removed from [her] assigned unit for months at a time only for the investigations to conclude that no abuse was found." (*Id.*)

Second, Plaintiff asserts a claim for "racism in the workplace," alleging the following in support of this claim: (1) David, a nurse hired by Riverside, "received complaints from black employees for making racist remarks when referring to African Americans by 'you people' and instigating arguments with black staff members in front of patients," (*id.*); (2) Plaintiff was informed by some of the patients' guardians that "[Koch] talk[ed] negatively about black people," (*id.*); and (3) On January 20, 2009, Plaintiff complained to Dr. Goodgame that, while watching President Obama's inauguration, Koch (a) stated that "[j]ust because we have a black president doesn't mean

4

we have to celebrate it by eating fried chicken and collard greens" and (b) commented on "how bad the country will be with a black man running it," (*id.* 3).

Finally, Plaintiff's third cause of action alleges a claim for "retaliatory discharge from employment." (*Id.*) Therein, she states that she: (1) filed a claim with the EEOC for race discrimination, sex discrimination, and retaliation; (2) filed a claim with the Department of Labor ("DOL") regarding the deduction of time for lunch breaks; (3) filed an internal claim with Riverside regarding the falsification of documentation; and (4) reported Koch to Kistler and a HIPPA compliance officer for reading patients' charts to them during their therapy sessions. It appears from Plaintiff's Amended Complaint that she claims she was terminated in retaliation for making the above-listed complaints.[4]

## III.    Motion to Dismiss

Defendants Kistler and Koch move to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), arguing that Title VII does not subject them to liability in their individual capacities.

### A.    Rule 12(b)(6) Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "'nudge [ ]

---

[4] Plaintiff does not explicitly allege such in her Amended Complaint, but the title of her claim – namely, "retaliatory discharge" – suggests that this is the basis of her claim.

[his] claims across the line from conceivable to plausible.'" *Schneider*, 493 F.3d at 1177 (quoting *Twombly*, 550 U.S. at 570). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Schneider*, 493 F.3d at 1177.

### B.      Individual Liability Under Title VII

In this case, it appears Plaintiff has filed her Amended Complaint against Defendants Kistler and Koch in their individual capacities. However, "[u]nder long-standing [Tenth Circuit] precedent, supervisors and other employees may not be held personally liable under Title VII." *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007) (citing *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996) ("The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act.")). Further, even if Kistler and Koch were named as supervisory employees acting in their official capacities, this would amount to a suit against Riverside, who is already a party to this case. *See Williams*, 497 F.3d at 1083 n.1 (explaining that "[s]upervisory employees acting in their official capacities may be named as defendants in a Title VII action as a means to sue the employer under agency theory"); *Lewis v. Four B Corp.*, No 04-3471, 211 Fed. Appx. 663, 665 n.1 (10th Cir. Aug. 11, 2005) ("[S]upervisors may be named in their official capacity and/or as alter egos of the employer, but just as means to sue the employer[,] . . . and this procedural mechanism is superfluous where, as here, the employer is already subject to suit directly in its own name.")). For these reasons, the Motion to Dismiss (Doc. 33) is granted.

**IV.     Riverside's Motion for Summary Judgment**

Riverside has moved for summary judgment on all of Plaintiff's claims.  Although Plaintiff

filed a response to Riverside's Motion for Summary Judgment, her response contains little

substance.  Specifically, Plaintiff's response solely consists of the following:

> Plaintiff opposes [Riverside's] Motion for Summary Judgment because, based on the
> legal arguments raised by [Riverside], there is [sic] genuine issues of material fact.
> In addition, [Riverside has] cited propositions of law for which they do not stand and
> [has] raised arguments that are otherwise legally flawed.

(Pl.'s Mot. for Summ. J. and Pl.'s Memo. in Opp'n to Defs.' Mot. for Summ. J. 2.)

**A.     Summary Judgment Standard**

Summary judgment is proper only if "there is no genuine issue as to any material fact, and

the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving

party bears the burden of showing that no genuine issue of material fact exists.  *See Zamora v. Elite*

*Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006).  The Court resolves all factual disputes and

draws all reasonable inferences in favor of the non-moving party.  *Id*.  However, the party seeking

to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint

but must "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P.

56(e). The party seeking to overcome a motion for summary judgment must also make a showing

sufficient to establish the existence of those elements essential to that party's case.  *See Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

**B.** **Plaintiff's Disparate Treatment Claim**[5]

Relevant to this case, Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] sex." 42 U.S.C. § 2000e-2(a). Plaintiff seeks to prove disparate treatment by circumstantial evidence, which requires the Court to employ the tripartite burden-shifting analysis established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 (1973). *See Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1114 (10th Cir. 2007). "Under *McDonnell Douglas*, the plaintiff first bears the burden of proving a prima facie case of discrimination." *Id.* "In order to establish a prima facie case of disparate treatment, Plaintiff must show (1) she is a member of a [protected class], (2) she suffered an adverse employment action, and (3) similarly situated employees were treated differently." *Robinson v. Cavalry Portfolio Servs.*, LLC, 365 Fed. Appx. 104, 114 (10th Cir. 2010); *see Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005). "If the plaintiff successfully proves a prima facie case, the employer must articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Robinson*, 365 Fed. Appx. at 114. "Once the employer identifies a legitimate reason for its action, the burden shifts back to the employee to prove that the proffered legitimate reason was a pretext for discrimination." *Id.* at 1114-15.

---

[5] The Court construes Plaintiff's "discrimination in employment practices" and "racism in the workplace" claims as jointly constituting a disparate treatment claim under Title VII. Although the allegations included within Plaintiff's "racism in the workplace" claim could be construed as asserting a hostile work environment claim, Plaintiff testified that she is not asserting such a claim in this lawsuit. (*See* Pl.'s Dep., Ex. 1 to Defs.' Mot. for Summ. J., at 5-9 (stating she "did not file [a hostile work environment claim] with this lawsuit").)

Plaintiff's Amended Complaint alleges that she suffered disparate treatment because Koch did not treat her "equally as the men," "instigated numerous frivolous patient complaints against [her]," and because she was disciplined more harshly than certain co-workers – namely, Burgin and Fields.[6] (Am. Compl. 1-2.) Further, during her deposition, Plaintiff testified that Koch did not keep her updated on events taking place in the unit due to Plaintiff's sex. The Court will analyze these alleged instances of disparate treatment under the applicable *McDonnell Douglas* burden-shifting analysis.

### 1. Prima Facie Case - Adverse Employment Action

"The Tenth Circuit liberally defines the phrase 'adverse employment action.'" *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1279 (10th Cir. 2010). "Such actions are not simply limited to monetary losses in the form of wages or benefits." *Id.* "Instead, [the Tenth Circuit] take[s] a 'case-by-case approach,' examining the unique factors relevant to the situation at hand." *Id.* This prong is satisfied by a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.* A "mere inconvenience or an alteration of job responsibilities" is not sufficient to constitute an adverse employment action. *Id.*

The Court finds that certain of Plaintiff's allegations do not rise to the level of adverse employment actions and are therefore unable to form the basis of a disparate treatment claim. Specifically, Plaintiff's general allegation that she was not treated equally as the men of her unit

---

[6] Plaintiff's Amended Complaint does not specifically make this allegation with regard to Burgin and Fields. However, construing Plaintiff's Amended Complaint liberally, as this Court must, *see Haines*, 404 U.S. at 520-21, it appears that Plaintiff's allegations regarding Burgin and Fields are meant to demonstrate that Plaintiff was treated more harshly than other co-workers.

does not constitute an adverse employment action and cannot support a claim for disparate treatment. Further, Plaintiff's claim that Koch did not update her on events taking place in the unit does not constitute an adverse employment action. Plaintiff testified that Koch was "more of a co-worker than a supervisor," (Pl.'s Dep., Ex. 1 to Mot. for Summ. J., at 138:1-3), and has failed to produce any evidence demonstrating that Koch's lack of communication resulted in a significant change in Plaintiff's employment status. *See MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1279 (10th Cir. 2005) (holding that "silent treatment" is "mere passive treatment [that] does not constitute an adverse employment action") (citing *Flannery v. Trans World Airlines, Inc.*, 160 F.3d 425, 428 (8th Cir. 1998) (shunning is not an adverse employment action where the plaintiff did not allege that the ostracism resulted in reduced salary, benefits, seniority, or responsibilities)).

Construing Plaintiff's Amended Complaint liberally, Plaintiff's remaining allegations – regarding the preparation of allegedly "frivolous" complaints and the resulting investigations and disciplinary actions taken against her – rise to the level of adverse employment actions. The record reflects that the complaints of abuse and neglect, subsequent investigations, and disciplinary actions all resulted in Plaintiff's termination, which clearly constitutes a "significant change in [Plaintiff's] employment status." *Jones,* 617 F.3d at 1279.

### 2. Prima Facie Case - Similarly Situated Employees

Riverside moves for summary judgment on Plaintiff's disparate treatment claim, arguing that she has failed to demonstrate the third element of her claim, which requires disparate treatment among similarly situated employees. The Court agrees. Although Plaintiff's Amended Complaint includes allegations regarding Burgin and Fields, Plaintiff has not shown any evidence that either of these employees had the "same supervisor and [were] subject to the same standards governing

performance evaluation and discipline [or were] disciplined for conduct of comparable seriousness."

*Durant v. MillerCoors, LLC*, No. 10-1246, 2011 WL 892783, at \*3 (10th Cir. March 16, 2011) (citing *McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006)); *see also Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1120 (10th Cir. 2007) ("Similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline."). In fact, the record reflects that the allegations of misconduct against Burgin and Fields were not of the same type or character as those raised against Plaintiff, as neither Burgin or Fields were accused of patient abuse and neglect. Although the Court notes Plaintiff's pro se status, it is "not the proper function of the district court to assume the role of advocate for a pro se litigant," *Hall*, 935 F.2d at 1110, and Plaintiff's pro se status does not excuse her obligation to comply with the requirements of the substantive law, *see McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). Therefore, because Plaintiff has failed to set forth any specific facts showing that similarly situated employees were treated differently from her, summary judgment is appropriate as to her disparate treatment claim.

## C. Retaliatory Discharge Claim

Title VII forbids an employer from retaliating against an individual because the individual "has opposed any practice made an unlawful employment practice" by Title VII or because the individual "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" pursuant to Title VII. 42 U.S.C. § 2000e-3(a). To make out a prima facie case, a plaintiff must establish that (1) she engaged in protected opposition to discrimination; (2) she suffered an adverse action that a reasonable employee would have found material; and (3) a causal nexus exists between her opposition and the employer's adverse action. *Montes v. Vail Clinic, Inc.*,

497 F.3d 1160, 1176 (10th Cir. 2007).  Plaintiff claims she was terminated in retaliation for (1) filing

a claim with the EEOC, (2) filing a claim with the DOL, (3) filing an internal claim at Riverside, and

(4) reporting Koch to Kistler and a HIPPA compliance officer.  Riverside maintains that Plaintiff's

retaliatory discharge claim is subject to summary judgment because she did not engage in protected

activity prior to her discharge and there is no causal connection between any alleged protected

activity and her termination.

### 1.      Prima Facie Case - Protected Opposition to Discrimination

In order to demonstrate that she engaged in protected opposition to discrimination, Plaintiff

must oppose an employment practice made unlawful by Title VII.  *See Peterson v. Utah Dep't of*

*Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002).  Therefore, "an employee's complaints regarding

unfair treatment, no matter how unconscionable, cannot be 'protected opposition to discrimination'

unless the basis for the alleged unfair treatment is some form of unlawful discrimination in violation

of Title VII."  *Faragalla v. Douglas Cnty. Sch. Dist. RE 1*, Nos. 09-1393, 10-1433, 2011 WL 94540,

at *5 (10th Cir. Jan. 12, 2011) (citing *Peterson*, 301 F.3d at 1188).  In this case, Plaintiff cannot

demonstrate that she engaged in protected opposition to discrimination when she filed a claim with

the DOL, made an internal claim with Riverside regarding the falsification of documents, and

reported Koch to Kistler and a HIPPA officer, because these claims did not make any reference to

Plaintiff's gender, race, or allege any sort of discrimination.  As such, these claims did not involve

employment practices made unlawful under Title VII.  *See Faragalla*, 2011 WL 94540, at *6

(finding certain complaints did not constitute protected opposition to discrimination when such

complaints did not "ma[ke] any reference to [plaintiff's] race, religion, or national origin, or alleg[e]

12

discrimination or harassment on any unlawful basis"). Therefore, the only alleged protected

opposition to discrimination is found in Plaintiff's EEOC filing.

### 2. Prima Facie Case - Causal Nexus

"[A] causal connection is established where the plaintiff presents evidence of circumstances

that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse

action." *Williams*, 497 F.3d at 1091 (internal quotations omitted). Further, "[a]n employer's action

against an employee cannot be *because of* that employee's protected opposition unless the employer

knows the employee has engaged in protected opposition." *Peterson*, 301 F.3d at 1188 (citing, *inter*

*alia*, *Williams v. Rice*, 983 F.2d 177, 181 (10th Cir. 1993) ("[P]laintiff must show that the individual

who took adverse action against him knew of the employee's protected activity.")). In this case, the

record reflects that Plaintiff's EEOC Charge was filed May 27, 2009, (*see* EEOC Charge, Ex. 1-48

to Mot. for Summ J.), twenty-one days after she was terminated. Further, Cooke testified that

Riverside did not know that Plaintiff had contacted the EEOC until June 9, 2009, when it received

a notice from the EEOC. Therefore, given that (1) Plaintiff filed her EEOC Charge *after* she was

terminated and (2) Riverside had no knowledge of any contact between Plaintiff and the EEOC until

*after* she was terminated, the Court finds that Plaintiff is unable to demonstrate a causal connection

between the filing of her EEOC Charge and her termination. Plaintiff's retaliatory discharge claim

is thus subject to summary judgment.

## V.     Plaintiff's Motion for Summary Judgment

Plaintiff has moved for summary judgment in her favor "with regards to the Declaratory

Judgment and Injunctive Relief portions" of Plaintiff's complaint." (Pl.'s Mot. for Summ. J. and

Pl.'s Memo. in Opp'n to Mot. for Summ. J. 1.) The Court denies this motion. First, the Court is

unclear as to the nature of the "declaratory judgment and injunctive relief portions" of Plaintiff's Amended Complaint, as a review of the Amended Complaint does not reveal any requests for equitable relief. Second, Plaintiff provides little substance in support of her motion, solely contending that she is "entitled to judgment as a matter of law" because "[n]o genuine issue as to any material fact that is relevant to Plaintiff's motion exists." (*Id.*) Finally, as outlined above, the Court finds that Plaintiff is unable to demonstrate prima facie cases of disparate treatment and retaliation under Title VII.

## VI.     Conclusion

For the reasons outlined herein, the Court GRANTS Defendant Kistler and Koch's Motion to Dismiss (Doc. 33) and Riverside's Motion for Summary Judgment (Doc. 38). Plaintiff's Motion for Summary Judgment (Doc. 47) is DENIED. Separate Judgments in favor of Defendants will be entered.

**SO ORDERED this 20th day of April, 2011.**

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**